IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                           No. CIV 02-1272 BB/LFG
                                               No. CRIM 02-632 BB

LUIS ROJO-LEDEZMA,

        Defendant/Movant.

### MAGISTRATE JUDGE'S FINDINGS
### AND RECOMMENDED DISPOSITION[1]

**Findings**

    1.    Movant Luis Rojo-Ledezma ("Rojo-Ledezma") brings a Motion to Set Aside Judgment and Sentence, under 28 U.S.C. § 2255. [Doc. 1.] In his Motion, Rojo-Ledezma argues that on August 29, 2002, he was incorrectly sentenced to a total of 188 months, based on the career criminal provisions of 28 U.S.C. 994(h) and United States Sentencing Guideline 4B1.1. The basis for the career criminal classification was Rojo-Ledezma's two prior felony convictions for alleged Residential Burglary and Aggravated Battery, both of which are considered crimes of violence. Rojo-Ledezma contends that he was not convicted for Residential Burglary, and that instead, he was

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

previously convicted of "Receiving Stolen Property."  The crime of Receiving Stolen Property, unlike Residential Burglary, is not considered a crime of violence, and therefore, Rojo-Ledezma's Total Offense Level and Criminal History Category both would have been affected, yielding a significantly lower imprisonment range of 41-51 months.  Rojo-Ledezma requests a new sentencing.

      2.      On February 6, 2003, the government filed a response to Rojo-Ledezma's Motion, agreeing that Rojo-Ledezma had been previously convicted of Receiving Stolen Property rather than Residential Burglary.  [Doc. 9.]  The government noted that on December 2, 2002, the Probation Office released an Addendum to the PSR, revising the Total Offense Level and Criminal History Category.  The government explained that while the guideline range would be 41-51 months, the present drug trafficking conviction carries a mandatory minimum term of imprisonment of 60 months under 21 U.S.C. § 841(b)(1)(B).  Thus, the government states that Rojo-Ledezma should be re-sentenced to a term of 60 months' imprisonment.

      3.      Based on the above-described pleadings and the government's agreement that Rojo-Ledezma should be re-sentenced, the Court recommends granting the relief requested by Rojo-Ledezma's Motion.

### Recommended Disposition

      4.      That Rojo-Ledezma's Motion to Set Aside Judgment and Sentence [Doc. 1] be granted and that the District Court set a hearing so that Rojo-Ledezma can be re-sentenced.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge